NO. 25-2353

**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

JAMES DAVID GRIEPSMA,

Plaintiff - Appellant,

v.

CHRISTIAN J. ANDERSEN; et al.,

Defendants - Appellees.

ON APPEAL FROM THE
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

No. 2:21-cv-00302-JCC-TLF
The Honorable John C. Coughenour
United States District Court Judge

# BRIEF OF STATE APPELLEES

NICHOLAS W. BROWN
Attorney General

JOSHUA SCHAER
Assistant Attorney General
WSBA #31491
800 Fifth Ave., Ste. 2000
Seattle, WA 98104
206-464-7744

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................ 1

II. JURISDICTION AND STANDARD OF REVIEW .......................... 2

III. COUNTERSTATEMENT OF THE ISSUES .................................... 3

IV. COUNTERSTATEMENT OF THE CASE ....................................... 3

V. SUMMARY OF ARGUMENT ......................................................... 6

VI. ARGUMENT ................................................................................... 7

A. Griepsma's Failure to Exhaust Administrative Remedies Barred his Lawsuit against the DOC Defendants .................................... 7

B. The DOC Defendants Possessed Qualified Immunity From Griepsma's Claims ....................................................................... 8

C. Griepsma Lacks Sufficient Grounds to Advance new Theories for the First Time on Appeal Against the DOC Defendants ...... 14

VII. CONCLUSION ............................................................................... 15

STATEMENT OF RELATED CASES

CERTIFCATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

## Cases

*Albino v. Baca*,
737 F.3d 1162 (9th Cir. 2014) .................................................................... 7

*Ashcroft v. al-Kidd,*
563 U.S. 731 (2011) ......................................................................... 9, 10

*Campidoglio LLC v. Wells Fargo & Co.*,
870 F.3d 963 (9th Cir. 2017) ...................................................................... 3

*Carley v. Aranas*,
103 F.4th 653 (9th Cir. 2024) .................................................................. 13

*Chuman v. Wright*,
76 F.3d 292 (9th Cir. 1996) ...................................................................... 11

*Cold Mountain v. Garber*,
375 F.3d 884 (9th Cir. 2004), *as amended* (Aug. 9, 2004) ........................... 15

*Estelle v. Gamble*,
429 U.S. 97 (1976) ........................................................................... 12, 14

*Farmer v. Brennan*,
511 U.S. 825 (1994) ......................................................................... 12, 13

*Fleming v. LeFevere*,
423 F. Supp. 2d 1064 (C.D. Cal. 2006) ...................................................... 13

*Franklin v. Oregon*,
662 F.2d 1337 (9th Cir. 1981) .................................................................. 13

*Glenn v. Washington County,*
673 F.3d 864 (9th Cir. 2011) ...................................................................... 9

*Goff v. Arizona*,
526 F. Supp. 3d 551 (D. Ariz. 2020) ........................................................... 9

*Griffin v. Arpaio*,
557 F.3d 1117 (9th Cir. 2009) .......... 7

*Haddad v. Lockheed California Corp.*,
720 F.2d 1454 (9th Cir. 1983) .......... 2

*Helling v. McKinney*,
509 U.S. 25 (1993) .......... 13

*Hudson v. McMillian*,
503 U.S. 1 (1992) .......... 11

*Hutchinson v. United States*,
838 F.2d 390 (9th Cir. 1988) .......... 14

*Jackson v. Sauls*,
206 F.3d 1156 (11th Cir. 2000) .......... 10

*Jones v. Bock*,
549 U.S. 199 (2007) .......... 7

*Kwai Fun Wong v. United States,*
373 F.3d 952 (9th Cir. 2004) .......... 9

*McGuckin v. Smith*,
974 F.2d 1050 (9th Cir. 1992), *reversed on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) .......... 12, 13

*Mullenix v. Luna*,
577 U.S. 7 (2015) .......... 10

*Munoz v. Small Bus. Admin.*,
644 F.2d 1361 (9th Cir. 1981) .......... 2

*Porter v. Nussle,*
534 U.S. 516 (2002) .......... 7

*Saucier v. Katz*,
533 U.S. 194 (2001), *overruled in part by Pearson v. Callahan*,
555 U.S. 223 (2009) .......................................................................... 9-10

*Watts v. McKinney*,
394 F.3d 710 (9th Cir. 2005) .......................................................................... 11

*Woodford v. Ngo*,
548 U.S. 81 (2006) .......................................................................... 7

Statutes

28 U.S.C. § 1291 .......................................................................... 2

42 U.S.C. § 1983 .......................................................................... 1, 3

42 U.S.C. § 1997e(a) .......................................................................... 7

Other Authorities

Prison Litigation Reform Act of 1995 .......................................................................... 7

# I. INTRODUCTION

The district court entered a summary judgment order resolving the 42 U.S.C. § 1983 claims of former inmate James Griepsma in favor of Washington State Department of Corrections (DOC) employees Brandon Webb, Vitaliy Boychenko, Jonathan Scott, Mickey Alvis, Jacob Grillo, Joan Palmer, and Daniel White (DOC Defendants). Griepsma also proceeded to trial on his claims against several Skagit County employees (Skagit County Defendants), and a jury returned a defense verdict for those individuals.

On appeal, Griepsma appears to raise two issues related to the DOC Defendants: the injuries he allegedly sustained at his felony sentencing hearing and an alleged delay in receiving medical care thereafter. Although Griepsma did not designate the summary judgment order in his notice of appeal, this Court may properly review that order, to the extent Griepsma intends to challenge it on appeal.

This Court should affirm summary judgment because: 1) Griepsma did not avail himself of DOC's administrative grievance process prior to filing suit, and 2) the DOC Defendants are entitled to qualified immunity on the issues that are identified in Griepsma's briefing. Further, Griepsma cannot advance new

theories for the first time on appeal that are unrelated to the DOC Defendants' conduct.

## II. JURISDICTION AND STANDARD OF REVIEW

On April 5, 2023, the United States District Court for the Western District of Washington dismissed Griepsma's claims against the DOC Defendants with prejudice. 3-SER-0439.[1] Griepsma proceeded to trial on his claims against the Skagit County Defendants, and the jury returned a defense verdict. 1-SER-0002.

Griepsma timely filed a notice of appeal after the verdict. Although Griepsma only specifically identified the trial judgment in his notice, this Court may assume jurisdiction over all claims decided prior to trial. *See*, *e.g.*, *Haddad v. Lockheed California Corp.*, 720 F.2d 1454, 1456 n.1 (9th Cir. 1983); *Munoz v. Small Bus. Admin.*, 644 F.2d 1361, 1364 (9th Cir. 1981) ("an appeal from the final judgment draws in question all earlier non-final orders and all rulings which produced the judgment") (citation omitted).

Therefore, this Court has jurisdiction pursuant to 28 U.S.C. § 1291 to review the district court's order granting summary judgment to the DOC Defendants. A decision granting summary judgment is reviewed de novo and

[1] Citations to Supplemental Excerpts of Record are those excerpts filed by the Skagit County Defendants with this Court.

may be affirmed on any ground supported by the record. *Campidoglio LLC v. Wells Fargo & Co.*, 870 F.3d 963, 973 (9th Cir. 2017).

## III. COUNTERSTATEMENT OF THE ISSUES

1. Did the district court properly grant summary judgment to the DOC Defendants on Griepsma's § 1983 claim when he failed to exhaust his administrative remedies?

2. Did the district court properly grant summary judgment to the DOC Defendants on Griepsma's § 1983 claim against them when those individuals are entitled to qualified immunity because there was no violation of Griepsma's constitutional rights or clearly established law?

3. Whether Griepsma is prohibited from raising new theories of liability for the first time on appeal?

## IV. COUNTERSTATEMENT OF THE CASE

Griepsma's amended complaint alleged violations of 42 U.S.C. § 1983 against the DOC Defendants and the Skagit County Defendants. 5-SER-1115-35.

Griepsma's first claim as to the DOC Defendants arose out of an April 2019 sentencing hearing at the Skagit County Community Justice Center. 5-SER-1118-19. DOC corrections officers Webb, Boychenko, Alvis, and Scott

transported Griepsma to the hearing and provided additional security. 5-SER-1118. Griepsma alleged that these officers failed to intervene when the Skagit County Defendants beat him and were deliberately indifferent to his safety and welfare. 5-SER-1119. Further, Griepsma alleged that one of the Skagit County Defendants, Officer Webb, grabbed him by his hair and dragged him towards a cart while county deputies lifted Griepsma onto the cart which they wheeled out of the courtroom to a DOC van outside. 5-SER-1119.

Griepsma's second claim as to the DOC Defendants was brought against Certified Physician's Assistant Jacob Grillo, Griepsma's primary care provider at the Monroe Correctional Complex (MCC), Joan Palmer, a Washington Corrections Center (WCC) medical provider, and WCC Superintendent Daniel White. 5-SER-1120. Griepsma alleged that Grillo was deliberately indifferent to his medical concerns twice in 2019, and that Griepsma was unable to obtain x-rays at MCC before his transfer to the WCC. 5-SER-1120. Griepsma voluntarily dismissed Grillo as a defendant. 3-SER-0471; 0496-97.

Griepsma's third claim as to the DOC Defendants was brought against Palmer and Superintendent White. 5-SER-1121. Griepsma alleged that Palmer was deliberately indifferent to his medical concerns when she: 1) prescribed an albuterol inhaler for him in August 2019, and falsified her reports to deny him

additional treatment without having obtained his complete medical history, and 2) concluded a xiphoidectomy[2] surgery he had previously requested was not recommended by the outside medical consultant. 5-SER-1122. Griepsma further alleged that White violated his civil rights when White: 1) denied a grievance appeal concerning the requested surgery, 2) limited "sick call" signups to see a doctor at MCC, and 3) after Griepsma made a public records request, advised that DOC had no records of the Skagit County sentencing hearing and Griepsma should direct his inquiry to court personnel. 5-SER-1127-28; 1131-32.

The DOC Defendants moved for summary judgment. 3-SER-0471. In April 2023, the district court granted summary judgment based on a magistrate's report and recommendation that found qualified immunity applied, Griepsma failed to exhaust administrative remedies, and a mere difference of opinion concerning medical treatment was insufficient to show deliberate indifference. 3-SER-0439-40; 0471-487. Griepsma did not seek to have the summary judgment ruling reduced to judgment under Rule 54(b); rather, he proceeded to trial against the Skagit County Defendants. 3-SER-310-19. In March 2025, the jury returned a verdict in favor of the Skagit County Defendants, and the district court entered judgment accordingly. 1-SER-0002.

[2] The xiphoid process is a small extension of bone just below the sternum.

Griepsma timely filed a notice of appeal but only designated the "judgment by jury" in doing so. 6-SER-1201. Griepsma's opening brief, however, mentions conduct by the DOC Defendants that was at issue in the earlier summary judgment decision. Opening Br. at 2, 4, 12. Specifically, Griepsma references physical injuries at the April 2019 sentencing hearing and a delay in obtaining x-rays while in DOC custody. *Id*. Griepsma also raises new issues that were not part of his claims against the DOC Defendants, such as pretrial imprisonment without a signed court order. *Id*. at 4.

## V. SUMMARY OF ARGUMENT

The district court properly granted summary judgment to the DOC Defendants because: 1) Griepsma did not exhaust DOC's administrative grievance process as to those individuals before filing suit, and 2) the DOC Defendants are entitled to qualified immunity. Further, Griepsma lacks sufficient grounds to raise new theories on appeal, which also do not involve the DOC Defendants. Accordingly, this Court should affirm summary judgment in favor of the DOC Defendants in all respects.

/ / /

/ / /

/ / /

# VI. ARGUMENT

## A. Griepsma's Failure to Exhaust Administrative Remedies Barred his Lawsuit against the DOC Defendants

Under the Prison Litigation Reform Act of 1995 (PLRA), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. §1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion of administrative remedies as a prerequisite to suit is mandatory, and generally warrants consideration as a threshold question before a court considers a claim's merits. *Porter v. Nussle,* 534 U.S. 516, 524 (2002); *Albino v. Baca*, 737 F.3d 1162, 1170 (9th Cir. 2014).

The process of exhausting administrative remedies is governed by a prison's grievance procedures. *Jones v. Bock*, 549 U.S. 199, 218 (2007). An inmate must follow all procedural steps of the prison grievance process. *See*, *e.g.*, *Woodford v. Ngo*, 548 U.S. 81, 90 (2006); *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009). Otherwise, "unexhausted claims cannot be brought in court." *Jones*, 549 U.S. at 211.

DOC's grievance procedure addresses conditions of confinement and staff conduct, and it consists of four review levels. 5-SER-1095-96. The record reflects that Griepsma did not file grievances against any of the DOC officers

concerning either of the two issues Griepsma appears to raise in his appeal, i.e.: the April 2019 sentencing hearing concerning DOC Defendants Webb, Boychenko, Alvis, and Scott or the claimed delay in providing x-rays concerning DOC Defendant Palmer. 5-SER-1096-97. The only DOC officer whom Griepsma ever filed a grievance against was White, and White was not involved in either incident. 5-SER-1128-30; 1132-33.

As such, the district court correctly found that Griepsma "failed to properly exhaust his administrative remedies, and does not assert any applicable exception to the exhaustion requirement." 3-SER-0480. Moreover, dismissal with prejudice of Griepsma's claims against the DOC Defendants was proper as he has been released from custody and cannot cure his failure to comply with the PLRA. 3-SER-0480.

Thus, this Court should affirm the district court's grant of summary judgment to the DOC Defendants based on the PLRA's exhaustion requirement.

### B. The DOC Defendants Possessed Qualified Immunity From Griepsma's Claims

Even if Griepsma was able to bring suit notwithstanding the PLRA, the application of qualified immunity serves as another bar to his claims against the DOC Defendants. Qualified immunity shields public officials like the DOC Defendants from suit when they are performing their public functions.

"Government officials are entitled to qualified immunity from civil damages unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Goff v. Arizona*, 526 F. Supp. 3d 551, 567 (D. Ariz. 2020). If a constitutional right was not violated *or* the right was not clearly established, then qualified immunity applies. *See*, *e.g.*, *Glenn v. Washington County,* 673 F.3d 864, 870 (9th Cir. 2011); *Kwai Fun Wong v. United States,* 373 F.3d 952, 966 (9th Cir. 2004).

"A Government official's conduct violates clearly established law when, at the time of the challenged conduct '[t]he contours of [a] right [are] sufficiently clear' that every 'reasonable official would [have understood] that what he is doing violates that right.'" *Ashcroft v. al-Kidd,* 563 U.S. 731, 741 (2011) (citing *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). "Existing precedent must have placed the statutory or constitutional question beyond debate." *Id*. (citations omitted). Absent controlling authority, there must be "a robust 'consensus of cases of persuasive authority.'" *Id*. (citing *Wilson v. Layne*, 526 U.S. 603, 617 (1999)).

The second prong of the qualified immunity test considers whether it was clear to every reasonable officer that the conduct at issue was unlawful in the situation confronted. *Saucier v. Katz,* 533 U.S. 194, 207-08 (2001), *overruled in*

*part by Pearson v. Callahan,* 555 U.S. 223 (2009). "The dispositive question is 'whether the violative nature of *particular* conduct is clearly established.' This inquiry 'must be undertaken in light of the specific context of the case, not as a broad general proposition.'" *Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (quoting *Ashcroft*, 563 U.S. at 742) (emphasis in *Mullenix*). For a right to be clearly established for the purposes of qualified immunity, the law must have been developed earlier in such a concrete and factually defined context as to make it obvious to every reasonable government actor that what the actor is doing violates federal law. *Jackson v. Sauls*, 206 F.3d 1156, 1164-65 (11th Cir. 2000); *see also Ashcroft*, 563 U.S. at 741 (2011) (citing *Anderson*, 483 U.S. at 640) (contours of the right must be sufficiently clear to every reasonable official). When the case law, in factual terms, does not make out a bright line, qualified immunity almost always protects the defendant. *Jackson*, 206 F.3d at 1165.

**1. The DOC Defendants who attended Griepsma's sentencing hearing did not violate his constitutional rights or a clearly established law**

Griepsma argues on appeal that excessive force was used at his sentencing hearing in 2019. Opening Br. at 8-12. An Eighth Amendment claim of excessive force "ultimately turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose

of causing harm.'" *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Case law establishes a violation of constitutional rights occurs when officers assault an individual who is not engaged in resisting or threatening behavior. *See, e.g.*, *Watts v. McKinney*, 394 F.3d 710, 712-13 (9th Cir. 2005) (prison guard could not reasonably believe it was permissible to kick a handcuffed, compliant prisoner in the groin). An officer must be an integral participant in the violation to face § 1983 liability. *See Chuman v. Wright*, 76 F.3d 292, 294-95 (9th Cir. 1996).

In this case, there was no clearly established law that governed, and no clearly unlawful conduct committed by, DOC Defendants Webb, Boychenko, Alvis, and Scott, who were at Griepsma's sentencing hearing in 2019. Griepsma's evidence shows that his own behavior, including spitting on the prosecutor and physical resistance to officers, necessitated exerting control over him. 4-SER-0603-08. Moreover, there is no dispute that Webb, Boychenko, Alvis, and Scott did not participate in inflicting injuries on Griepsma. 4-SER-0603-08. Consequently, the district court did not err in applying qualified immunity to preclude liability for Webb, Boychenko, Alvis, and Scott concerning their presence at Griepsma's sentencing hearing. 3-SER-0476-77.

### 2. The DOC Defendants did not violate Griepsma's constitutional rights or a clearly established law with regard to his medical care

Griepsma also asserts that "x-rays were delayed for [his] ribs" over two and a half months. Opening Br. at 4. The Supreme Court has held that the "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citing *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). "This conclusion does not mean, however, that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. Rather, to establish deliberate indifference, a prisoner must show that a defendant purposefully ignored or failed to respond to pain or medical needs. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *reversed on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997); *see also Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Estelle,* 429 U.S. at 107 (a decision to order or not to order a particular treatment, by itself, does not constitute a constitutional violation).

Accordingly, deliberate indifference turns on two elements: the seriousness of the prisoner's medical need and the defendant's response to that

need. *McGuckin*, 974 F.2d at 1060. First, serious medical needs include "condition[s] of confinement that [are] sure or very likely to cause serious illness and needless suffering" in the future. *Helling v. McKinney*, 509 U.S. 25, 33 (1993). When examining the seriousness of a medical need:

> The appropriate inquiry is not whether evolving medical standards prescribed a course of best treatment and practice, but whether the medical standard was so well established that the failure to prescribe the course of treatment could only be considered deliberate indifference within the meaning of the Eighth Amendment.

*Carley v. Aranas*, 103 F.4th 653, 661 (9th Cir. 2024). Moreover, a plaintiff's opinion "as to the appropriate course of care does not create a triable issue of fact because he has not shown that he has any medical training or expertise upon which to base such an opinion." *Fleming v. LeFevere*, 423 F. Supp. 2d 1064, 1070 (C.D. Cal. 2006); *see also Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981) ("A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a s 1983 claim.").

Second, a defendant's response only rises to the level of deliberate indifference if that official "knows of and disregards an excessive risk to inmate health or safety; [and the official] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . must also draw the inference." *Farmer*, 511 U.S. at 837. An inadvertent,

or even negligent, failure to diagnose or treat an injury is insufficient to result in a constitutional violation. *Estelle*, 429 U.S. at 105-06; *see also Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988) (same).

Here, Griepsma does not clearly identify which, if any, DOC Defendant is responsible for the claimed delay in providing x-rays. Opening Br. at 4. Griepsma cannot legitimately refer to his claim against DOC Defendant Grillo, because he voluntarily dismissed Grillo as a defendant. 3-SER-0471; 0496-97. Griepsma also does not cite to evidence showing there was a serious medical need at the time, or that any other DOC Defendant knew of and disregarded an excessive risk to Griepsma's health. *E.g.*, Opening Br. at 4.

Thus, to the extent that Griepsma's appeal articulates his pled claim of being unable to timely obtain x-rays, the evidence does not demonstrate a violation of Griepsma's constitutional rights or clearly established law. Consequently, the DOC Defendants are entitled to qualified immunity and this Court should affirm the district court's summary judgment order on that issue.

### C. Griepsma Lacks Sufficient Grounds to Advance new Theories for the First Time on Appeal Against the DOC Defendants

On appeal, Griepsma asserts new theories of ineffective assistance of counsel and "pretrial imprisonment . . . at Monroe Correctional Complex, without a signed court order by a judge or . . . Judgment [and] Sentence."

Opening Br. at 4. Neither of these issues were pled against the DOC Defendants below. 5-SER-1115-35.

This Court will generally not consider arguments raised for the first time on appeal, absent exceptional circumstances. *See*, *e.g.*, *Cold Mountain v. Garber*, 375 F.3d 884, 891 (9th Cir. 2004), *as amended* (Aug. 9, 2004). Exceptional circumstances are those that are "necessary to prevent a miscarriage of justice or to preserve the integrity of the judicial process," "when a new issue arises while appeal is pending because of a change in the law," or "when the issue presented is purely one of law and either does not depend on the factual record developed below, or the pertinent record has been fully developed." *Id.* (citing *Bolker v. Comm'r,* 760 F.2d 1039, 1042 (9th Cir.1985)).

None of the DOC Defendants were involved in the new theories Griepsma's brief raises, and there is no exceptional circumstance present that would justify appellate review of the same as to those parties. This Court should decline to address them.

## VII. CONCLUSION

Based on the foregoing reasons, Griepsma could not pursue his claims against the DOC Defendants. As such, to the extent Griepsma challenges the

summary judgment order in favor of the DOC Defendants on appeal, this Court should affirm that order. 3-SER-439-40.

RESPECTFULLY SUBMITTED this 2nd day of September 2025.

NICHOLAS W. BROWN
Attorney General

*/s/ Joshua Schaer*

JOSHUA SCHAER
Assistant Attorney General
WSBA #31491
800 Fifth Ave., Ste. 2000
Seattle, WA 98104
206-464-7744

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 17. Statement of Related Cases Pursuant to Circuit Rule 28-2.6

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form17instructions.pdf*

**9th Cir. Case Number(s)** 25-2353

The undersigned attorney or self-represented party states the following:

- (●) I am unaware of any related cases currently pending in this court.
- ( ) I am unaware of any related cases currently pending in this court other than the case(s) identified in the initial brief(s) filed by the other party or parties.
- ( ) I am aware of one or more related cases currently pending in this court. The case number and name of each related case and its relationship to this case are:

**Signature** s/ Joshua Schaer **Date** Sep 2, 2025

*(use "*s/[typed name]*" to sign electronically-filed documents)*

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 8. Certificate of Compliance for Briefs

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form08instructions.pdf*

**9th Cir. Case Number(s)** 25-2353

I am the attorney or self-represented party.

**This brief contains** 3,129 **words,** including [ ] words manually counted in any visual images, and excluding the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

- (●) complies with the word limit of Cir. R. 32-1.
- ( ) is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.
- ( ) is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).
- ( ) is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.
- ( ) complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
  - [ ] it is a joint brief submitted by separately represented parties.
  - [ ] a party or parties are filing a single brief in response to multiple briefs.
  - [ ] a party or parties are filing a single brief in response to a longer joint brief.
- ( ) complies with the length limit designated by court order dated [ ].
- ( ) is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** s/ Joshua Schaer **Date** 9/2/25

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 15. Certificate of Service for Electronic Filing

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form15instructions.pdf*

**9th Cir. Case Number(s)** 25-2353

I hereby certify that I electronically filed the foregoing/attached document(s) on this date with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

**Service on Case Participants Who Are Registered for Electronic Filing:**

☐ I certify that I served the foregoing/attached document(s) via email to all registered case participants on this date because it is a sealed filing or is submitted as an original petition or other original proceeding and therefore cannot be served via the Appellate Electronic Filing system.

**Service on Case Participants Who Are NOT Registered for Electronic Filing:**

☒ I certify that I served the foregoing/attached document(s) on this date by hand delivery, mail, third party commercial carrier for delivery within 3 calendar days, or, having obtained prior consent, by email to the following unregistered case participants *(list each name and mailing/email address)*:

James David Griepsma
1218 East Hickox Road
Mount Vernon, WA 98274

**Description of Document(s)** *(required for all documents)*:

Brief of State Appellee's

**Signature** s/ Joshua Schaer **Date** Sep 2, 2025

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*